[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The defendant, Deloitte Touche, LLP, moves for summary judgment as to all four counts[1] of the amended complaint on the basis that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. The plaintiff, Lesli Mead, asserts that there are substantial questions of fact in dispute for a trier and that the motion CT Page 10802 should be denied. The action arises out of the defendant terminating the plaintiffs employment based on the plaintiffs alleged conduct in a convenience store.
Count one sounds in defamation. The defendant contends that the plaintiff has not identified the source of the defamation, the allegations are simple unactionable office gossip, and there has been no publication. The plaintiff argues that there are triable facts indicating sufficient publication and such publication via intracorporate communications, requires defeat of the motion. To prevail on a defamation claim, the plaintiff must prove that the defendant published false statements about her that caused harm. See Daley v. Aetna CasualtyCo., 249 Conn. 766, 795, 734 A.2d 112 (1999). Moreover, Connecticut does recognize and apply the doctrine of publication by intracorporate communications. See Gaudio v. Griffin Health Services. Corp.,249 Conn. 523, 544 n. 23, 733 A.2d 197 (1999); Torosyan v. BoehringerIngelheim Pharmaceuticals, Inc., 234 Conn. 1, 27, 662 A.2d 89 (1995). Here, the plaintiff has raised material issues of fact concerning Mr. Lagervall' s discussion of the plaintiff in front of others found in both his affidavit and his deposition. Additionally, the defendant has not demonstrated how the possible publications to others about the plaintiff are afforded protection by privilege. Therefore, the defendant's motion for summary judgment as to the first count is hereby denied.
Count two is a breach of contract claim. The defendant maintains that the employment' application governs the parties' relationship creating an at will employment as a matter of law. The plaintiff asserts that behavior on the part of the defendant created an implied contract insinuating that she could only be terminated for cause. An implied contract of employment can arise out of an employer's words, or action or conduct. See Torosyan v. Boebringer Ingelheim Pharmaceuticals, Inc., supra, 234 Conn. 15. Here, again, there is adequate depositional evidence to raise genuine issues of fact. The plaintiff demonstrates Mr. Lagervall talked to her about security, longevity, and promotion opportunities which, factually, contradicts the at will employment relationship. Therefore, the defendant's motion for summary judgment as to the second count is hereby denied.
Count three is a negligence claim. The defendant's position is that it had no duty to investigate the allegations against the plaintiff. The plaintiff maintains that this depends on the nature of the employment discussed above in count two. There must be factual allegations indicating an employment relationship other than one at will for an employer to have an obligation to investigate alleged misconduct by an employee. See Menard v. People's Bank, Superior Court, judicial district of New London at New London, Docket No. 544627 (April 6, 1998, Koletsky,CT Page 10803J.) (21 Conn.L.Rptr. 597). Based on there being genuine issues of material fact regarding the employment relationship, the defendant's motion for summary judgment as to count three is hereby denied.
Count four is a claim for invasion of privacy. The defendant contends no facts exist for invasion of privacy or, in the alternative, there was no publication. The plaintiff argues that the defendant placed her in a false light before the public. "The standard governing the tort of false light invasion of privacy is similar to the standard governing the tort of defamation concerning a public official or public figure: that the publisher of the false statement knew that the statement was false or acted in reckless disregard of the falsity of the statement." Herring v.Radding Signs, Superior Court, judicial district of New Haven at New Haven, Docket No. 247523 (February 9, 2000, Alander, J.). "Reckless disregard is said to exist, . . . when there is a high degree of awareness of probable falseness of the statement, or there are serious doubts as to its truth." Id. Here, the plaintiff has demonstrated that issues exist as to the defendant's investigation and, as a result, triable issues remain in that the defendant may have recklessly published a false statement by which a reasonable person could seriously take offense. Therefore, the defendant's motion for summary judgment as to count four is hereby denied.
So Ordered.
D'ANDREA, J.